IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

RONALD SHEPPERD                                                              PLAINTIFF

v.                                                    CIVIL ACTION NO. 1:14-CV-080-DMB-SAA

GAYLA FAYE BARKSDALE,
ROBERT STEVEN BARKSDALE,
LOWNDES COUNTY, MISSISSIPPI,
YORKVILLE HEIGHTS LEARNING CENTER,
AND JAMIE LYNN BARKSDALE BISHOP                                    DEFENDANTS

YORKVILLE HEIGHTS LEARNING CENTER
AND JAMIE LYNN BARKSDALE BISHOP                           COUNTER-PLAINTIFFS

v.

RONALD SHEPPERD
AND REHANA SHEPPERD                                           COUNTER-DEFENDANTS

## ORDER GRANTING MOTION TO AUTHORIZE REVIEW AND PRODUCTION OF SUBPOENAED RECORDS

Defendants/Counter-plaintiffs Yorkville Heights Learning Center and Jamie Lynn Barksdale Bishop have moved for authorization to review and produce phone records of a telephone used by witness Ginger Jones, a non-party to this action. Defendants obtained the records by subpoena duces tecum from wireless service provider, C-Spire. Docket #135. After defendants gave Ms. Jones notice of the issuance of the subpoena, her mother Vickie Jones contacted the office of defense counsel by phone to inform counsel that she is the account holder of the phone which Ginger Jones was using at the time of the events which gave rise to this action. During this conversation Vickie Jones stated her objection to production of the records. Counsel's secretary advised her to consult with an attorney and that she should file an objection

with the court. This advice was followed by a letter to Vickie Jones from counsel the next day reiterating the same information. Despite having been advised that she must notify the court of her objection, neither she, nor Ginger Jones nor any party to this action has ever filed an objection.

Parties may subpoena records pertaining to their action under FED. R. CIV. P. 45. More particularly, the Fifth Circuit has established that a party wishing to quash a subpoena lacks standing unless the party has a "personal right or privilege with respect to the materials subpoenaed." *See* Brown v. Braddick, 595 F.2d 961, 967 (C.A. 5 1979).

Considering the scope of F.R.C.P. 45, and the lack of any properly filed objection to production of the phone records in question, the court finds authorization to review these records to be justified. Not only did the copy of the subpoena itself sent to Ginger Jones contain instructions regarding the procedure to properly file an objection, but both defense counsel and his staff notified Vickie Jones of the need to file any objection with the court within fourteen days. Defendants' motion is **GRANTED**.

SO ORDERED, this, the 7th day of January, 2015.

/s/ S. Allan Alexander  
UNITED STATES MAGISTRATE JUDGE